IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL TUTTLE; CHI PILIALOHA GUYER; JOSEPH VU; and SHAZADA RAYLEEN YAP,<br><br>            Plaintiffs,<br><br>   vs.<br><br>FRONT STREET AFFORDABLE HOUSING PARTNERS, a domestic limited partnership; 3900 LLC, a foreign limited liability company; and HAWAI'I HOUSING FINANCE & DEVELOPMENT CORPORATION,<br><br>            Defendants. | Civil No. 18-00218 JAO-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY:<br>(1) PLAINTIFFS' MOTION TO BIFURCATE ATTORNEYS' FEES AND COSTS BRIEFING SCHEDULE TO ALLOW FOR DETERMINATION OF THE THRESHOLD ISSUE OF PLAINTIFFS' ENTITLEMENT TO FEES AND COSTS PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE AND REQUEST FOR EXPEDITED RULING ON SAME; AND<br>(2) MOTION TO DETERMINE THAT PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE |

FINDINGS AND RECOMMENDATION TO DENY:
(1) PLAINTIFFS' MOTION TO BIFURCATE ATTORNEYS' FEES AND
COSTS BRIEFING SCHEDULE TO ALLOW FOR DETERMINATION OF THE
THRESHOLD ISSUE OF PLAINTIFFS' ENTITLEMENT TO FEES AND COSTS
PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE AND
REQUEST FOR EXPEDITED RULING ON SAME; AND
(2) MOTION TO DETERMINE THAT PLAINTIFFS ARE ENTITLED
TO AN AWARD OF ATTORNEYS' FEES AND COSTS
PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE

Plaintiffs Michael Tuttle, Chi Pilialoha Guyer, Joseph Vu, and Shazada

Rayleen Yap (collectively, "Plaintiffs") filed a Motion to Bifurcate Attorneys' Fees

And Costs Briefing Schedule to Allow for Determination of the Threshold Issue of Plaintiffs' Entitlement to Fees and Costs pursuant to the Private Attorney General Doctrine and Request for Expedited Ruling on Same ("Motion to Bifurcate") on October 23, 2020. ECF No. 222. On the same day, Plaintiffs filed their Motion to Determine That Plaintiffs are Entitled to an Award of Attorneys' Fees and Costs pursuant to the Private Attorney General Doctrine ("Entitlement Motion"). ECF No. 223.

Defendant Front Street Affordable Housing Partners ("FSA") filed its Opposition to the Motion to Bifurcate on October 28, 2020. ECF No. 224. Defendant Hawai'i Housing Finance & Development Corporation ("HHFDC" or "the State") and Defendant Craig K. Harai ("State/Harai") filed their Opposition to the Motion to Bifurcate on October 30, 2020. ECF No. 225. The State/Harai filed their Opposition to the Entitlement Motion on October 30, 2020. ECF No. 226. FSA filed its Opposition to the Entitlement Motion on October 30, 2020. ECF No. 227.

Plaintiffs filed a Combined Reply to the FSA Opposition and the State/Harai Opposition to Plaintiffs' Motion to Bifurcate on November 12, 2020. ECF No. 229. Plaintiffs filed their Reply to the FSA Opposition to Plaintiffs' Entitlement Motion and their Reply to the State/Harai Opposition to Plaintiffs' Entitlement Motion on November 13, 2020. ECF Nos. 231-32.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the memoranda, arguments, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion to Bifurcate and the Entitlement Motion.

BACKGROUND

As explicated by the district court in its August 12, 2020 Order Granting Plaintiffs' Motion for Summary Judgment on Their First through Third Claim for Relief and Denying All Pending Motions ("Summary Judgment Order"), this case centered "around the Front Street Apartments, an apartment complex on Maui previously maintained as low-income housing pursuant to a federal tax program." ECF No. 216 at 1. Plaintiffs are current or prospective tenants of the Front Street Apartments. *Id.* Defendant FSA owns and operates Front Street Apartments. *Id.* at 2. Defendant HHFDC is the state agency that assists with implementing the federal low-income tax credit program in the State of Hawai'i, and Defendant Craig K. Hirai is the Executive Director of that agency. *Id.* at 2.

The district court considered seven cross-motions for summary judgment in its Summary Judgment Order and granted Plaintiffs' first through third claims in their Third Amended Complaint—claims related to a breach of the 2002 "Declaration of Restrictive Covenants," between FSA and the State. The district

3

court denied all other summary judgment motions. After issuing its Summary Judgment Order on August 12, 2020, the Clerk of Court entered judgment in this case on September 14, 2020. ECF No. 217.

## DISCUSSION

A.  Attorney's Fees

Motions for post-judgment attorney's fees ("Fees Motions") are governed by Federal Rule of Civil Procedure 54(d)(2)(B)(i), which expressly requires that movants file an attorney's fees motion no later than 14 days after entry of judgment, unless a statute or a court order provides otherwise. In addition, Federal Rule of Civil Procedure 54(2)(D) provides for district courts to establish special procedures to resolve fee-related issues without extensive evidentiary hearings. This district has established such special procedures in Local Rule 54.2 to assist the court and the parties in resolving fee-related issues.

Further, this district's November 7, 2019 General Order Regarding Motions for Attorney's Fees and Related Nontaxable Expenses provides that the timing and content of motions seeking an award of attorney's fees and related nontaxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) shall be governed by Local Rule 54.2 and not Federal Rule of Civil Procedure 54(d)(2)(B). *See*

https://www.hid.uscourts.gov/files/order536/LR54_2%20Order.pdf

4

The special procedures detailed in Local Rule 54.2 involve a three-step process that requires the parties to identify and isolate areas of agreement and disagreement between the parties before a party files a Fees Motion. The process may take up to, but no more than, forty-two (42) days after entry of judgment. First, the parties must participate in a pre-motion meet-and-confer ("Pre-Meet"). LR54.2(d). The Pre-Meet requires the movant to provide to the respondent fourteen (14) days after the judgment upon which the Fees Motion is based: (1) time and work records that specify hours for which compensation will and will not be sought; (2) hourly rates claimed for each lawyer and paralegal; and (3) evidence to support requested nontaxable expenses. *Id.*

Second, the parties must isolate and identify the areas of disagreement. Seven days after the exchange of information in the Pre-Meet has been completed, Local Rule 54.2 requires the parties to identify specific objections to the information provided in the Pre-Meet and the basis of these objections. *Id.* The parties are required to thereafter attempt to resolve these remaining disputes ("Post-Meet"). *Id.*

Third, the parties must file a joint statement if any matters remain in dispute after the Post-Meet. The joint statement must list (1) the total amount of fees and related nontaxable expenses claimed by the movant, (2) the total amount of fees and related nontaxable expenses that the respondent agrees should be awarded, and

5

(3) a brief description of each specific dispute remaining between the parties as to the fees or expenses and all matters agreed upon. The parties must file the joint statement within forty-two days after entry of judgment.

In this case, the Clerk of Court entered judgment on September 14, 2020, a full month after the district court issued its Summary Judgment Order. As the moving party, the onus of reaching out to opposing party regarding a contemplated Fees Motion rested with Plaintiffs in this case. Local Rule 54.2 required Plaintiffs to engage Defendants in the Pre-Meet and produce the required information no later than September 28, 2020.

Plaintiffs had well over a month to collect and produce the required information. Plaintiffs did not, however, engage in any of the prescribed Pre-Meet procedures. Instead, Plaintiffs contacted Defendants with a request to amend the Local Rule 54.2 schedule on October 12, 2020, two weeks after their deadline to complete the Pre-Meet.

Plaintiffs argue that deviation from the Local Rules is warranted in this case because their request for fees pursuant to Hawai'i state law's private attorney general doctrine is discretionary, unlike a "typical situation where a prevailing party seeks to recover fees and costs under a contractual or statutory fee shifting provision." ECF No. 229 at 4. Plaintiffs argue that it "thus makes sense in this

6

particular case" to bifurcate the issue of whether Plaintiffs are entitled to fees first before "engaging in the time-consuming process described in LR 54.2[.]" *Id*. at 5.

Plaintiffs' arguments conflate the issue of whether bifurcation is prudent with the issue of timeliness. The bottom line is that Plaintiffs failed to follow the rules. Plaintiffs' assertion that engaging in the Rule 54.2 process would be "wholly unnecessary and constitute a significant waste of time" and that their approach of waiting to follow the rules is the "most reasonable and practical solution" in this case is not well taken. "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Nine memoranda had to be filed in this case and an order issued by this Court to address Plaintiffs' failure to follow the rules.

Plaintiffs' arguments regarding the practicality of bifurcation and efficiency of doing it "their way" rather than the way this Court handles every other attorney's fees motion minimizes the importance the legal system imposes on following procedural rules and deadlines. Plaintiffs had sufficient time to request a bifurcation of the issue of entitlement and actual amount of fees after the district court issued its summary judgment order. Plaintiffs fail to point to authority that supports their position that requests for discretionary attorneys' fees should be treated differently than any other fee requests.

7

The Local Rules are clear that the mandate for a Pre-Meet, Post-Meet, and joint statement applies to all motions for attorney's fees, regardless of the basis for the fees. Indeed, Plaintiffs had ample time to collect the required information, request an extension of time, seek agreement with opposing parties to bifurcate, or to move this Court for bifurcation of the issues much earlier in this case.

Plaintiffs argue that because Plaintiffs' counsel represented their clients pro bono, they need more time to review spreadsheets of time entries from multiple attorneys and "simply need more time to compile this information and confer with Defendants." ECF No. 229 at 8-9. The fact that Plaintiffs' counsel kept their time in a manner incompatible with meeting the requirements of this Court's rules for seeking recovery of that time from Defendants is not a persuasive argument for disregarding the requirements of the rule.

Although the Ninth Circuit has expressed a preference for contemporaneous records, the Ninth Circuit has stated that fee requests may be based on reconstructed records developed by reference to litigation files. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). Despite its acquiescence with such reconstructed records, the Ninth Circuit is equally explicit that "in the context of a motion for attorneys' fees [] '[f]ailure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause.'" *Kline v. J2 Glob., Inc.*, No. 219CV00667SVWAFM, 2019 WL

8

4137617, at *1 (C.D. Cal. May 8, 2019). Local Rule 54.2(h) is equally firm: "Failure to follow these rules regarding Fee Motions and/or related nontaxable expenses may, in the court's discretion, result in the denial of such motions with prejudice."

Neither the Local Rules nor the Federal Rules make any exception for timeliness based on the complexity, longevity, or difficulty of reconstructing work records. Absent a "compelling showing of good cause," this Court cannot recommend that the district court bifurcate the issue of entitlement and award, thereby excusing Plaintiffs' untimeliness. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Plaintiffs' inability to prepare for such entitlement and timely provide such documentation when they had over two months to do so is not a compelling showing of good cause to ignore the procedural rules of Local Rule 54.2.

The Court thus FINDS and RECOMMENDS that the district court DENY Plaintiffs' request to bifurcate the attorneys' fees issue in their Motion to Bifurcate and DENY Plaintiffs' request to determine their entitlement to attorneys' fees in their Entitlement Motion.

9

B.    Bill of Costs

Costs are awarded pursuant to Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) provides costs, other than attorney's fees, to the prevailing party. Local Rule 54.1 provides the procedure for taxation of costs. Under Local Rule 54.1, a Bill of Costs must be filed and served within fourteen (14) days after entry of judgment. "Non-compliance with any provision of LR54.1 shall be deemed a waiver of costs." LR54.1(a).

As discussed above, the district court granted Plaintiffs summary judgment for three of their claims on August 12, 2020. ECF No. 216. The Clerk of Court entered judgment in this case on September 14, 2020. ECF No. 217. The Local Rules do not require Plaintiffs to confer with Defendants on costs. Plaintiffs had over a month to prepare their Bill of Costs after the district court entered its Summary Judgment Order. Plaintiffs failed, however, to file and serve a Bill of Costs within fourteen (14) days after entry of judgment in this action. Such failure must be deemed as a waiver of costs. Accordingly, insomuch as Plaintiffs also request bifurcation of the cost issue in their Motion to Bifurcate and entitlement to such costs in their Entitlement Motion, the Court recommends that the district court DENY Plaintiffs' requests.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiffs' October 23, 2020 (1) Motion to Bifurcate Attorneys' Fees And Costs Briefing Schedule to Allow for Determination of the Threshold Issue of Plaintiffs' Entitlement to Fees and Costs pursuant to the Private Attorney General Doctrine and Request for Expedited Ruling on Same, and (2) Motion to Determine That Plaintiffs are Entitled to an Award of Attorneys' Fees and Costs pursuant to the Private Attorney General Doctrine.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, December 11, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*Tuttle, et al. v. Front St. Affordable Housing Partners, et al.*, CV 18-00218 JAO-KJM; FINDINGS AND RECOMMENDATION TO DENY: (1) PLAINTIFFS' MOTION TO BIFURCATE ATTORNEYS' FEES AND COSTS BRIEFING SCHEDULE TO ALLOW FOR DETERMINATION OF THE THRESHOLD ISSUE OF PLAINTIFFS' ENTITLEMENT TO FEES AND COSTS PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE AND REQUEST FOR EXPEDITED RULING ON SAME; AND (2) MOTION TO DETERMINE THAT PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE